NO. 07-10-00369-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
JANUARY 26, 2011
--------------------------------------------------------------------------------

 
 LONNIE MOORE, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;
 
 NO. 2010-460,904; HONORABLE LARRY B. "RUSTY" LADD, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 ON ABATEMENT AND REMAND
 
 Appellant Lonnie Moore appeals from the trial court's judgment finding her guilty of assault and sentencing her to 365 days of imprisonment. Appellant filed notice of appeal on September 22, 2010. The clerk's record was received and filed on November 17. The reporter's record was due on December 15. By letter of January 3, 2011, this Court advised the reporter that the appellate record was late and directed the reporter to advise the Court of the status of the appellate record on or before January 13. As of this date, the court reporter has failed to comply with the directive of the Court.

 Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. See Tex. R. App. P. 35.3(c). On remand, the trial court shall utilize whatever means necessary to determine the following:

* Why the reporter has not responded to the Court's directive;
* Why the reporter's record has not been filed;
* When this Court can expect the record to be filed; and
* Whether an alternative or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause any hearings to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the clerk of this court on or before February 25, 2011. Should further time be needed by the trial court to perform these tasks, same must be requested before February 25, 2011.
It is so ordered.

 Per Curiam

Do not publish.